United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BARBARA ANDREA SILVA CAMACHO, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-06450 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Barbara Andrea Silva Camacho filed a petition for writ of *habeas corpus* under 28 USC §2241 on August 7, 2026. Dkt 1. She acknowledges illegal entry into the United States at a prior date but nonetheless asserts that her present detention, after having been granted voluntary departure, violates the Immigration and Nationality Act and Due Process Clause of the Fifth Amendment. See Dkt 1-2 at ¶¶2, 7, 12, 72–88.

Petitioner previously filed a petition challenging her detention on due process and equal protection grounds. The undersigned dismissed that petition with prejudice as foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See 4:26-cv-01726 (SD Tex, Apr 21, 2026). See Dkt 1-9 (order of dismissal).

Petitioner asserts in her new petition that "material developments" have occurred since the entry of that judgment. Dkt 1-2 at ¶7. She represents that an immigration judge granted her application for "pre-conclusion voluntary departure" on June 24, 2026, and ordered her to depart from the United States on or before October 22, 2026. See ibid; Dkt 1-4 (order of immigration

judge). She contends that the voluntary departure order concluded her removal proceedings under 8 USC §1229a. Dkt 1-2 at ¶12. As such, she maintains that the government can no longer detain her under 8 USC §1225(b)(2)(A), which authorizes detention "for a proceeding under section 1229a." Ibid.

Pending is a motion by the Government for summary judgment. Dkt 6. It maintains that continued detention pending departure was a condition of the order by the immigration judge granting voluntary departure, which that judge had authority to impose pursuant to *Matter of M-A-S-*, 24 I&N Decision 762 (BIA 2009). See Dkt 6 at 2.

The Government contends that Petitioner and her former counsel were given notice of that condition at hearing before the Conroe Immigration Court on June 24, 2026. Ibid. As evidence, it submits a recording of that hearing. See Dkts 8 (advisory of submission of digital audio recording) & 9 (DAR exhibit). There, counsel for Petitioner requested that she be granted pre-conclusion voluntary departure. Dkt 9 at 51:17–35. The immigration judge then asked her counsel, "Are you satisfied that [Petitioner] understands that [she] will be departing under safeguards, meaning she's going to be there in detention until she departs?" Id at 54:25–35. After conferring with Petitioner and additional discussion on the record, counsel ultimately replied, "Yes, your honor, she understands." Id at 57:40–45. The immigration judge then granted Petitioner's request for pre-conclusion voluntary departure "under safeguards." See Dkt 1-4 at 4 (order of IJ). The Government thus maintains that Petitioner is lawfully detained pursuant to that order of voluntary departure. Dkt 6 at 2.

Petitioner on reply maintains that the Government failed to meaningfully address her statutory and constitutional arguments, and that statements made by counsel at that hearing "do not conclusively establish that Petitioner herself understood or voluntarily accepted that condition." Dkt 7 at 2. She also advises that she was transferred to El Paso, Texas, on August 23, 2026, and has been informed by ICE that she could be deported "within

one or two days to Venezuela." Id at 3. She also states a concern about the possibility of removal to Venezuela, alleging that her father fled Venezuela after experiencing persecution there. Id at 15.

Brief consideration is appropriate at the outset as to whether this subsequent petition is an abuse of writ in light of the prior petition noted above. The Fifth Circuit holds that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). Here, material developments in underlying immigration proceedings have occurred since the prior petition, such that the arguments raised in the present petition couldn't have been raised previously. As such, the petition isn't viewed as an abuse of the writ and will be considered on its merits.

As noted above, the undersigned determined with respect to the first petition that Petitioner was lawfully detained pursuant to 8 USC §1225(b)(2)(A). See Dkt 1-9. Had Petitioner not requested and received voluntary departure, she would plainly be lawfully detained under 8 USC §1225(b)(2)(A). Her argument now—that she didn't consent to or fully understand that she was accepting continued detention as part of her voluntary-departure agreement—isn't supported by the hearing record. As noted by the Government, the immigration judge had the authority to impose such a condition pursuant to *Matter of M-A-S-*, 24 I&N Decision 762 (BIA 2009). Petitioner thus hasn't established that her current detention violates either the Constitution or federal law.

To the extent the petition expresses concern about the location of Petitioner's removal, it exceeds the scope of *habeas* jurisdiction, which exists for the limited purpose of adjudicating the legality of Petitioner's detention. See *Munaf v Green*, 553 US 674, 693 (2008): "Habeas is at its core a remedy for unlawful executive detention."

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Barbara Andrea Silva Camacho is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on August 26, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge